ed on reargument, without costs. See 114 App. Div. 821, 100 N. Y. Supp. 190.

**ISAAC G. JOHNSON & CO., Respondents, v. COX et al., Appellants.** (Supreme Court, Appellate Division, First Department. February 21, 1908.) Action by Isaac G. Johnson & Co., against Elizabeth J. Cox and another. P. P. Safford, for appellants. J. J. McKelvey, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

**ISAACS v. CONSOLIDATED GAS CO.** (Supreme Court, Appellate Division, First Department. January 24, 1908.) Action by Archibald Isaacs against the Consolidated Gas Company. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order filed.

**JACOBY et al., Appellants, v. TRUST CO. OF AMERICA, Respondent.** (Supreme Court, Appellate Division, First Department. February 21, 1908.) Action by Morris Jacoby and another against the Trust Company of America. S. L. Samuels, for appellants. A. H. Kohn, for respondent. No opinion. Order modified, by providing that the relief granted is upon condition that defendant pay all costs of the action to the date of the order and $10 costs of the motion, and, as so modified, affirmed, without costs. Settle order on notice.

**JAMES, Respondent, v. CRANFORD, Appellant.** (Supreme Court, Appellate Division, Second Department. January 24, 1908.) Action by Hayes E. James against Charles Cranford. No opinion. Motion denied.

**JAMES McCREARY REALTY CORP., Respondent, v. EQUITABLE NAT. BANK OF NEW YORK, Appellant.** (Supreme Court, Appellate Division, First Department. February 7, 1908.) Action by the James McCreary Realty Corporation against the Equitable National Bank of New York. No opinion. Motion denied, with $10 costs. Order filed.

**JEFFERSON, Appellant, v. BANGS et al., Respondents.** (Supreme Court, Appellate Division, Third Department. January 8, 1908.) Action by Lucy A. Jefferson against Loren B. Bangs and others.

PER CURIAM. Judgment unanimously affirmed, with costs.

SEWELL, J., not sitting.

**JEROME v. STAR CO. SAME v. NEW YORK EVENING JOURNAL PUB. CO.** (Supreme Court, Special Term, New York County. December, 1907.) Actions by William Travers Jerome against the Star Company and against the New York Evening Journal Publishing Company for libel. Motions for struck jury denied. For judgment reversing order of Special Term, see 108 N. Y. S. 801. Gans & Iselin, for plaintiff. Clarence J. Shearn, for defendants.

FITZGERALD, J. Plaintiff is a public official of this county, and defendant is the proprietor and owner of a daily newspaper having a large circulation throughout the city and state of New York and elsewhere throughout the United States. The action is for libel. Answer admits the publication and sets forth as defenses: First, the truth of the statement complained of; second, that the article is "fair comment upon matters of public interest, was published without malice, and is privileged." Other separate and partial defenses are interposed in mitigation and reduction of damages. Plaintiff moves for an order directing that a special jury be struck to try these issues. The law applicable is found in Code Civ. Proc. § 1063: "Where it appears to the court that a fair and impartial trial of an issue of fact, triable by a jury, joined in an action pending in the Supreme Court, cannot be had without a struck jury, or that the importance or intricacy of the case requires such a jury, the court must make an order, upon notice, directing a special jury to be struck, for the trial of the issue. The order must specify the term, and it may specify a particular day in the term, when the jurors must attend." Section 1065: "At the time appointed, the clerk, or, in his absence, the deputy clerk, or the commissioner, as the case requires, must attend at his office, with the original lists or books, filed or kept in his office as required by law, containing the names of the persons who are then liable to serve as trial jurors; and, in the presence of the parties, or their attorneys or counsel, must strike a trial jury as follows: (1) The clerk, deputy clerk, or commissioner, must select from the lists or books, the names of forty-eight persons, whom he deems most indifferent between the parties, and best qualified to try the issue; and must make and certify a list of those names. (2) The party, on whose application the special jury was directed to be struck, or his attorney or counsel, may then first strike from the list one name; the adverse party, or his attorney or counsel, may then strike therefrom one name; and so alternately, until each party has stricken out twelve names. * * * (4) The clerk, deputy clerk, or commissioner, must thereupon make out a list of the names of the twenty-four persons not stricken out, and must certify that it is a correct list of the persons drawn to serve as jurors, pursuant to the order of the court." Section 1066: "The sheriff must notify the persons whose names are contained in the list, and must return the names of those notified, to the term, at which they are required to attend, as prescribed by law for notifying and returning ordinary trial jurors." Section 1067: "From the persons so notified and attending, a jury must be formed for the trial, and the issue must be tried as prescribed in this chapter with respect to an ordinary jury trial * * *." These sections of the Code are mainly re-enactments of former statutes (2 Rev. St. [1st Ed.] p. 418, pt. 3, c. 7, tit. 5, § 46, as amended by Laws 1857, c. 530), all of which are based upon common-law rules, as the practice of ordering struck juries was established in very early times. 24 Cyc. 96. Motions of this character, however, in modern days, are infrequently made, to which circumstances, no doubt, is attributable the fact that plaintiff so strongly relies upon the dicta of ancient cases. Most of those cited refer to controversies decided by our courts not later